UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DORIS GEWARGIS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CAVALRY SPV I LLC,<br><br>　　　　Defendant. | Case No.  5:17-cv-06493-EJD<br><br>**ORDER REMANDING CASE** |

Defendant Cavalry SPV I LLC removed the instant action to this court based on federal question jurisdiction because the original Complaint filed by Plaintiff Doris Gewargis asserted a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.  Plaintiff has since filed an Amended Complaint to exclude that claim.  The court has reviewed the Amended Complaint to determine whether it should retain jurisdiction over this case in its discretion.  See Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 715 (9th Cir. 1990) (holding that though post-removal dismissal of federal claims does not deprive the federal court of jurisdiction over pendent state claims, exercise of such jurisdiction is a matter of discretion).  In short, the court has determined it should not retain jurisdiction over the sole remaining state law claim.

"In order to decide whether to exercise jurisdiction over pendent state law claims, a district court should 'consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity . . . .'"  Id. (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349-50 (1988)).  "In a case in which all federal law claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims."  Id.

Case No.: 5:17-cv-06493-EJD
ORDER REMANDING CASE

1

1   Here, the Amended Complaint now contains only one claim "[a]ddressed to the Court's inherent powers to set aside a judgment." In support, Plaintiff alleges she was never served with a prior state-court lawsuit filed by Defendant. And as relief, she requests the judgment entered in the prior case "be declared void."

Given these statements and the nature of the claim, the relevant factors plainly weigh in favor of remand. Because the judgment at issue was entered by the state court, concerns of comity, convenience and judicial economy tip strongly toward a state forum.

In addition, the court has considered whether it may exercise jurisdiction on the basis of diversity. Though it appears the parties are citizens of different states, the amount is controversy requirement was not satisfied. 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . ."). Even valuing the set-aside relief sought by Plaintiff as a form of injunctive relief, the allegations specify the value of the judgment - $47,819.52 - and any potential other damages from now-dismissed claims are far less than the jurisdictional threshold.

Accordingly, the declines to exercise supplemental jurisdiction over the "set aside" claim. The Clerk shall remand this action to Santa Clara County Superior Court and close the file.

**IT IS SO ORDERED.**

Dated: January 3, 2018

EDWARD J. DAVILA
United States District Judge

Case No.: 5:17-cv-06493-EJD
ORDER REMANDING CASE

2